IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:11CR00038 |
| v. | ) | **OPINION** |
| | ) | |
| **HOMERO MARIO CABRERA CASTILLO,** | ) | By: James P. Jones<br>United States District Judge |
| Defendant. | ) | |

*Roy F. Evans, Jr., Special Assistant United States Attorney, Abingdon, Virginia, for United States; Homero Mario Cabrera Castillo, Pro Se Defendant.*

The defendant, proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, alleging, among other claims, that counsel provided ineffective assistance by failing to move for a downward departure under the "Fast Track" program. After review of the record, I find that the defendant's § 2255 motion must be dismissed as untimely filed.

I

Homero Mario Cabrera Castillo ("Castillo") was initially charged in November of 2011 with conspiracy to distribute 500 grams or more of methamphetamine and possession with intent to distribute this drug. The government filed a Sentencing Enhancement Information under 21 U.S.C. § 851,

indicating intent to seek a mandatory twenty-year sentence on the conspiracy offense, based on Castillo's prior drug-related convictions.  On April 20, 2012, Castillo pleaded guilty to the conspiracy charge pursuant to a written Plea Agreement.  The terms of the agreement provided that in exchange for the plea, the government would dismiss the Information, leaving Castillo subject to a ten-year mandatory minimum sentence.  Castillo also waived his rights to appeal and to collaterally attack the Judgment.

The Presentence Investigation Report ("PSR") stated that Castillo should be held accountable for between 500 grams and 1.5 kilograms of methamphetamine for a Base Offense Level of 32 under the U.S. Sentencing Guidelines Manual ("USSG"), increased by four levels for possession of a firearm and creating a risk of serious harm while fleeing from law enforcement.  This later increase was based upon evidence that Castillo convinced his codefendant to flee when officers attempted to apprehend the pair.

At sentencing, I rejected the PSR's recommended enhancements and granted a three-level decrease for acceptance of responsibility, giving Castillo a Total Offense Level of 29.[1]  With his Criminal History Category of V, his advisory guideline range was 140 to 175 months. Castillo moved for a downward departure because many of his past criminal convictions were of a minor, nonviolent nature.

---

[1] With the enhancements stated in the PSR, Castillo would have faced a Total Offense Level of 33, giving him a custody range of 210 to 262 months.

I denied Castillo's motion for a departure and sentenced Castillo to 140 months in prison, the low end of the guideline range. No appeal was filed.

On September 17, 2013, Castillo signed and submitted to the court a pleading that he styled as a "PETITION FOR 5K3.1 . . . DOWNWARD DEPARTURE . . ." in which he requested a sentence reduction in exchange for his early deportation. I issued an order, notifying Castillo that I had construed his submission as a § 2255 motion, and he thereafter elected to pursue his claim under § 2255. Castillo has alleged that his trial counsel was ineffective by: (a) failing to pursue a downward departure under USSG § 5K3.1 and the "Fast Track" program and (b) failing to file an appeal as requested after sentencing.[2] The government has filed a Motion to Dismiss, and Castillo has responded, making the matter ripe for disposition.

II

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

    (1) the date on which the judgment of conviction becomes final;

---

[2] In response to the government's Motion to Dismiss, Castillo clearly indicates that he no longer wishes to pursue an appeal, which moots his second ineffective assistance claim.

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Castillo's § 2255 motion is clearly untimely under § 2255(f)(1). The Judgment against him was entered on August 1, 2012, and became final on August 15, 2012, at the close of the 14-day period for filing a Notice of Appeal. *See* Fed. R. App. P. 4(b)(1)(A). Castillo's one-year window to file a timely motion under § 2255(f)(1) expired on August 15, 2013, and he did not file his claims within that time period.

Castillo also does not demonstrate that his § 2255 claims are timely under § 2255(f)(2), based on removal of a constitutional impediment to filing, under § 2255(f)(3), based on any right newly recognized by the United States Supreme

Court, or under § 2255(f)(4), based on new facts.[3]  Thus, he fails to show that his § 2255 motion is timely filed under any subsection of § 2255(f).  Similarly, he has not stated any facts on which he is entitled to equitable tolling of the statutory filing period.  *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (finding equitable tolling warranted only where defendant demonstrates that he pursued his rights diligently and some extraordinary circumstances precluded a timely filing).  Therefore, I must dismiss his § 2255 motion as untimely filed.

In any event, the one claim on which Castillo now seeks relief — that counsel was ineffective in failing to move for a fast track sentence reduction under § 5K3.1 — is without merit.  In 2003, then-Attorney General John Ashcroft issued a memorandum, authorizing downward sentence departures under § 5K3.1 to "fast track" large numbers of illegal reentry cases in border states.  Attorney General Eric Holder recently extended this policy across the country.[4]  The expanded policy expressly applies to felony illegal reentry cases under 8 U.S.C. § 1326 and, by its own terms, does not create any legally enforceable right to a fast track sentence reduction.  Moreover, prosecutors retain discretion to deny a fast track

---

[3]  Although the court offered Castillo an opportunity to present additional facts concerning how and when he discovered that counsel had not filed an appeal, Castillo has not presented any such facts.  Therefore, he has not demonstrated that his § 2255 claim alleging counsel's ineffective assistance regarding appeal is timely filed under § 2255(f)(4).

[4]  *See Memorandum from Deputy Attorney General James M. Cole for All U.S. Attorneys, Department Policy on Early Disposition or "Fast–Track" Programs* (Jan. 31, 2012) http://www.justice.gov/dag/fast-track-program.pdf.

departure to a defendant based on certain aggravating factors, including circumstances at the time of the defendant's arrest.

Castillo was not convicted of illegal reentry, nor did he have any right to a fast track reduction. Moreover, counsel successfully achieved reductions of Castillo's sentence exposure through the Plea Agreement and through objections to the PSR. I cannot find that counsel's failure to move for a fast track departure in Castillo's case was either deficient representation or prejudicial to his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (setting two-part standard of defective performance and reasonable probability of different outcome absent the error).

### III

For the stated reasons, I will deny the defendant's § 2255 motion as untimely filed under § 2255(f).

A separate Final Order will be entered herewith.

DATED: March 27, 2014

/s/ James P. Jones
United States District Judge